UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MAUREEN MARK, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-2169 |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

# **COMPLAINT**

Plaintiff, Maureen Mark brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## **PARTIES**

3. Plaintiff, Maureen Mark ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA, N.A., consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant United Collection Bureau, Inc., ("UCB") is an Ohio corporation which operates at 5620 Southwyck Blvd, Suite 206, Toledo, Ohio 43614. UCB does or transacts business in Illinois. Its registered agent and office is Illinois Corporate Service Co. located at 801 Adlai Stevenson Dr, Springfield, IL 62703. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant UCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Defendant UCB regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Chase Bank USA, N.A., consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9. UCB was subsequently retained or hired to collect the alleged debt.

10. On or about March 11, 2014, UCB mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

11. The Letter conveyed various information regarding the account directly to Plaintiff, including the current account balance, the identity of the original creditor, and account number.

12. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

13. The Letter was mailed in an envelope with a glassine window that showed Plaintiff's name, and address, among other information.

14. Included above the Plaintiff's name and postal bar code at the top of the window was a number.

15. The number ("Account Number") matches Plaintiff's account reference number for the alleged debt.

16. The Account Number is visible through the window of the envelope.

17. The Account Number is not part of the debt collector's address.

18. The Account Number is not part of the debt collector's name.

19. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .**

20. UCB used unfair means to collect or attempt to collect a debt by exposing Plaintiff's Account Number on the face of the envelope when communicating with Plaintiff by use of the mails, in violation of 15 U.S.C. §§ 1692f and 1692f(8).

21. An account number for a consumer's debt may not be disclosed on the face of an envelope that the debt collector mails to the consumer. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

22. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff re-alleges the above as if set forth fully in this count.

24. Defendant UCB used unfair means in connection with an attempt to collect a debt, in violation of 15 U.S.C. §§ 1692f and 1692f(8) when it exposed Plaintiff's Account Number on the envelope when communicating with Plaintiff by use of the mails.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant United Collection Bureau, Inc. as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com